# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARLOS ALI MILLER, | : | |
| Plaintiff, | : | |
| | | Case No. 3:12cv00069 |
| v. | : | |
| | | District Judge Walter Herbert Rice |
| SENIOR RESOURCE CONNECTION, *et al.*, | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Carlos Ali Miller, a resident of Cincinnati, brings this case *pro se* naming Senior Resource Connection, Susan Spencer, and Cystal Dennis as defendants. (Doc. #1-1 at 1). According to Plaintiff, he receives a total of $693 per month in Supplemental Security Income and Social Security Disability Insurance benefits from the Social Security Administration. (*Id.* at 3). Plaintiff alleges that in January 2012 Defendants stole $129.00 from his monthly SSI and SSDI payments, and $643.00 in February 2012. (*Id.*). Plaintiff alleges that "out of [$]693.00 each month they gave me fifty." (*Id.*). Although Plaintiff appears to have demanded $100,000 in the cover sheet attached to his Complaint (Doc. #1-2), the relief requested in his Complaint consists entirely of the word

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

"Burden." (Doc. #1-1 at 4). Plaintiff believes this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(3). (*Id.* at 2).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. § 1915. The case is now before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

The main issue presented at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint lacks an arguable basis when it presents "indisputably meritless" legal theories - for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 104 L. Ed. 2d. 338 (1989); *see Brand*, 526 F.3d at 923. A Complaint lacks a rational factual basis when its allegations are "'fantastic or delusional.'" *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler*, 898 F.2d at 1199.

Although Plaintiff's allegations are not delusional, they fail to reveal the presence of a claim over which this Court has subject matter jurisdiction. *See Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may *sua sponte* dismiss an action when it lacks subject matter jurisdiction."). Plaintiff's Complaint simply does

not raise allegations capable of showing that one or more of the defendants named in this case acted under the color of state law or violated any of Plaintiff's rights under the United States Constitution.  Instead, Plaintiff appears to be asserting a state law claim for theft or conversion.  As such, this Court only has subject matter jurisdiction in this case if there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a).  Plaintiff lists Senior Resource Connection's address as 222 Salem Ave, Dayton, Ohio, and a simple search on the Ohio Secretary of State's website confirms this fact.  As such, multiple parties in this case are residents of Ohio, and complete diversity of citizenship does not exist.  (*See* Doc. #1-1).  Accordingly, this Court lacks subject matter jurisdiction and Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED without prejudice to renewal in state court;

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.

March 6, 2012                                                    s/Sharon L.Ovington
                                                                          Sharon L. Ovington
                                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).